UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANTWAN WILLIAMS and LATASHA WILLIAMS,

                                    Plaintiffs,  **COMPLAINT**

                -against-  **CV 14 5425**

THE CITY OF NEW YORK; SGT. MICHAEL LENNIHAN,
TAX # 927076; P.O. VEERANA RAMAYYA, Tax #      ECF Case
941115; P.O. DAVID PARAY, Tax # 939173; and P.O.
JOHN/JANE DOES # 1-10; the individual defendant(s) sued    Jury Trial Demanded
individually and in their official capacities,

                                  Defendants.  **CHEN, J.**

------------------------------------------------------------------X   **POHORELSKY, M.J.**

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiffs seek relief for the violation of plaintiffs' rights secured by 42 U.S.C. § 1983; and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York. Plaintiffs' claims arise from an incident that arose on or about June 19, 2013. During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiffs to, among other things: unlawful search and seizure; false arrest; assault; battery; unreasonable force; failure to intervene; malicious prosecution; denial of a fair trial; trespass/conversion of chattels; implementation and continuation of an unlawful municipal policy, practice, and custom; and respondeat superior liability. Plaintiffs seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. Plaintiffs' notice of claim were duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiffs' claims. Moreover, this action has been filed within one year and 90 days of the incident. Plaintiffs have satisfied all conditions precedent for the filing of this action.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff Antwan Williams is a resident of the State of New York, Kings County.

6. Plaintiff Latasha Williams is a resident of the State of New York, Kings County.

7. At all times herein, defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

8. At all times alleged herein, defendants Sgt. Michael Lennihan, Tax # 927076; P.O. Veerana Ramayya, Tax # 941115; P.O. David Paray, Tax # 939173; and P.O.

John/Jane Does # 1-10 were New York City Police Officers employed with the 81st Precinct and/or "BN Gang Squad", located in Kings County, New York or other as yet unknown NYPD assignment, who violated plaintiffs' rights as described herein.

9. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

**The Incident**

10. On June 19, 2013, at and in the vicinity of 701 Gates Avenue, Brooklyn, New York, and the 81st Precinct, Brooklyn, New York, several police officers operating from the 81st Precinct and/or "BN Gang Squad" located in Kings County, New York, including upon information and belief, defendants Sgt. Lennihan, P.O. Ramayya, P.O. Paray, and P.O. John/Jane Does # 1-10, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiffs.

11. On June 19, 2013, at approximately 6:00 a.m. to 6:30 a.m., at and in the vicinity of 280 Frost Street, Brooklyn, New York, defendants Sgt. Lennihan, P.O. Ramayya, P.O. Paray, and P.O. John/Jane Does # 1-10, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime unlawfully arrested plaintiffs.

12. The police broke into plaintiffs' apartment, Apt. # 2B, at 280 Frost Street, Brooklyn, New York.

13. If the police had a search warrant, then it was issued upon the basis of extremely unreliable information, the unreliability of which was withheld from the issuing magistrate.

3

14. If the defendant officers had a search warrant, they obtained it by failing to properly supervise and verify the reliability of an informant(s) against NYPD policy and procedures.

15. Latasha was in her bedroom in the apartment with her boyfriend in bed

16. The police charged into Latasha's bedroom.

17. The police twisted Latasha's arms behind her back and placed excessively tight handcuffs on her wrists.

18. The police handcuffed Latasha while she was on her bedroom floor.

19. The police left Latasha on the floor in handcuffs.

20. The police eventually took Latasha into the living room with the other occupants in the apartment.

21. Latasha has asthma and vomited and had to be given water and her inhaler.

22. Antwan was walking home and entered the lobby of 280 Frost Street, Brooklyn, New York, when he was approached the police.

23. The police found no controlled substance, contraband, or weapons on Antwan.

24. The police placed Antwan in handcuffs.

25. Once the police handcuffed Antawn they started questioning him.

26. The police brought Antwan to Apt. # 2B where Latasha and the other occupants were detained.

27. Eventually, the police removed Antwan and Latasha from the apartment to police vehicles.

28. The police searched the entire apartment, ransacking it and purposely damaging plaintiffs' personal property.

29. The police found no controlled substance, contraband, or weapons in the apartment or on any of the occupants, including the plaintiffs.

30. The police drove Antwan and Latasha to the 81st Precinct for arrest processing.

31. After several hours in custody, the police released Antwan and Latasha with desk appearance tickets.

32. In order to cover up their illegal actions, the police, pursuant to a conspiracy, initiated, and falsely and maliciously told the Kings County District Attorney's Office that the plaintiffs had committed crimes, including unlawful possession of marihuana.

33. The police made these false allegations, despite the fact that they had no evidence that plaintiffs had committed a crime, to cover up their misconduct, meet productivity goals and quotas, and/or justify overtime expenditures.

34. The charges against the plaintiffs were dismissed in their entirety, terminating in plaintiffs' favor.

**General Allegations**

35. The individual defendants acted in concert in committing the above-described illegal acts against the plaintiffs.

36. The plaintiffs did not resist arrest at any time during the above-described incidents.

37. The plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

38. The individual defendants did not observe the plaintiffs violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

39. The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

40. As a direct and proximate result of defendants' actions, plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation and financial loss.

41. Plaintiffs are entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiffs' rights.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

42. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

43. Defendants unlawfully searched plaintiffs and the apartment without cause or consent.

44. Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

45. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

46. Defendants unlawfully searched plaintiffs and the apartment without cause or consent.

47. Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under New York State law.

## THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

48. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

49. Defendants falsely arrested plaintiffs without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

50. Accordingly, defendants are liable to plaintiffs for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

## (FALSE ARREST UNDER STATE LAW)

51. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

52. Defendants falsely arrested plaintiffs without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

53. Accordingly, defendants are liable to plaintiffs for false arrest under New York State law.

## FIFTH CLAIM

## (UNREASONABLE FORCE)

54. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

55. The individual defendants' use of force upon plaintiffs was objectively unreasonable.

56. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiffs, since plaintiffs were unarmed, compliant, and did not resist arrest.

57. Those defendants who did not touch plaintiffs, witnessed these acts, but failed to intervene and protect plaintiffs from this conduct.

58. Accordingly, the defendants are liable to plaintiffs for using unreasonable force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

## (ASSAULT)

59. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

60. Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiffs placed them in fear of imminent harmful and offensive physical contacts.

61. Accordingly, defendants are liable to plaintiffs under New York State law for assault.

## SEVENTH CLAIM

## (BATTERY)

62. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

63. Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiffs were illegal physical contacts.

64. Accordingly, defendants are liable to plaintiffs under New York State law for battery.

## EIGHTH CLAIM

## (FAILURE TO INTERVENE)

65. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

66. Defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they failed to intervene.

67. Accordingly, the defendants are liable to plaintiffs for failing to intervene to prevent the violation of plaintiffs' constitutional rights.

## NINTH CLAIM

## (DENIAL OF FAIR TRIAL)

68. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

69. The defendants are liable to plaintiffs because they intentionally conspired to fabricate evidence against plaintiffs, depriving plaintiffs of liberty without due process of law.

70. Furthermore, the defendants violated the law by making false statements by drafting and/or signing a sworn criminal court complaint and false police reports.

71. Furthermore, the individual defendants violated the law by manipulating evidence to obtain a prosecution and unjust conviction, while performing the function of investigators.

72. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and is redressable in an action for damages under 42 U.S.C. § 1983.

73. The individual defendants are also liable to plaintiffs because they intentionally created false information likely to influence a fact finder's or jury's decision by, *inter alia*, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiffs' constitutional right to a

fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## TENTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

74. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

75. The individual defendants are liable to plaintiffs for malicious prosecution because prior to any grand jury action, with intent, knowledge, and malice, the defendants initiated a malicious prosecution against plaintiffs by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiffs had committed various crimes.

76. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

77. The individual defendants initiated the above-stated malicious prosecution to cover up their illegal and unconstitutional conduct.

78. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiffs.

## ELEVENTH CLAIM

### (TRESPASS/CONVERSION OF CHATTELS)

79. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

80. Plaintiffs had clear legal ownership to personal property and fixtures in the apartment and defendants trespassed on plaintiffs' property by damaging it.

81. Accordingly, defendants are liable to plaintiffs for damages that resulted from the trespass under New York State law.

## TWELFTH CLAIM

## (MONELL CLAIM)

82. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

83. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

84. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiffs: (1) wrongfully arresting innocent persons in order to meet productivity goals; (2) wrongfully obtaining and executing search warrants; (3) using unreasonable force on individuals; and (4) fabricating evidence against innocent persons.

85. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

86. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

87. Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

88. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

## THIRTEENTH CLAIM
## (RESPONDEAT SUPERIOR)

89. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

90. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiffs, including falsely arresting, assaulting, and battering plaintiffs.

91. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiffs demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:  Brooklyn, New York
           September 16, 2014

           MICHAEL O. HUESTON, ESQ.
           *Attorney for Plaintiffs*
           16 Court Street, Suite 3301
           Brooklyn, New York 11241
           (718) 246-2900
           mhueston@nyc.rr.com
           By:

           MICHAEL O. HUESTON